Ronald J. Ellett (Bar No. 012697)
ELLETT LAW OFFICES, P.C
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018
Telephone: (602) 235-9510
Facsimile: (602) 235-9098

Attorney for **Debtor**

# In the United States Bankruptcy Court

# For the District of Arizona

| | |
|---|---|
| In re: | In Proceedings Under Ch. **13** |
| Floyd Wood | No. 09-bk-27344 |
| Debtor. | CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES |

The Debtor proposes the following Chapter 13 Plan:

**I. PROPERTY AND FUTURE EARNINGS.**

The debtor shall submit the following property and future earnings to the trustee for distribution under the plan:

Payments of $416.00 every two weeks ($901.00 per month) commencing November 27, 2009.

**II. DURATION OF THE PLAN.**

The payments shall be made by or on behalf of the debtor to the Trustee for a period of 60 months. If at any time before the end of this period all allowed claims are paid, the plan shall terminate. Allowed claims are those claims which (1) have been timely filed and (2) no order has been entered modifying or disallowing the claim.

**III. TAXES.**

Debtor's taxes have all been filed.

**IV. CLASSIFICATION AND TREATMENT OF CLAIMS.**

Claims shall be paid in the following order:

1. Administrative Expenses.

Trustee's compensation: The Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586 (e) which presently cannot exceed 10%.

Attorney Fees: Debtor's Attorney was paid $650.00 pre-petition. Further, Debtor's Attorney shall be paid an additional $3,350.00 as a minimum fee for this pending case prior to commencement of payments on any claim listed hereafter. The services rendered for this minimum fee include up to the first 8.1 hours of all consultations, telephone conversations and correspondences with debtors necessary to confirm debtor's initial Chapter 13 Plan, preparation and filing of debtor's bankruptcy petition and all schedules necessary to confirm Debtor's initial Chapter 13 Plan, and Debtor's initial Chapter 13 plan, appearances necessary for confirmation of Debtor's initial Chapter 13 Plan, mailing and costs thereof of all necessary notices to confirm Debtor's initial Chapter 13 Plan and preparation and lodging of the order to confirm Debtor's initial Chapter 13 Plan. Additional fees may be charged by hourly fee pursuant to an executed bankruptcy fee agreement. Attorney claims an assignment of plan payment for the fees herein.

2. Claims Secured by Real Property.

Address - 246 W Wilson Coolidge, AZ 85128
Market Value - $65,000.00

The Debtor shall continue to make their monthly mortgage payments to Wells Fargo outside the plan. Debtor will also pay $1,344.00 through the plan to Wells Fargo for arrearage on the home.

3. Adequate Protection Payments

$125.00 per month to Wells Fargo Auto Finance

4. Claims secured by personal property to be surrendered by Debtors.

a. The debtor shall abandon all claims and interest in the following property. The value of the collateral shall be deducted from the creditor's claim and the balance, if any, shall be paid as an unsecured claim.

| Creditor/Security | Balance/Value of security | Paid as unsecured |
|---|---|---|
| None. | | |

5. Claims Secured by Personal Property to be retained by Debtor.
a. (Property to be retained by debtor.) The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property securing their claim, together with interest at the rate specified. Upon payment of this amount of this amount their security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claim listed hereafter.
Any claims not specifically named in this plan are presumed to be unsecured claims. Creditors, secured status shall serve a copy of said claim, proof of security and an objection to the plan upon Debtor's counsel not less than five days prior to the first scheduled confirmation date. If no such objections and proof of claims are filed and served upon Debtor's counsel within the five day deadline period prior to the first scheduled confirmation hearing, all claims not specifically listed herein shall be fully treated as unsecured claims.

| Creditor/Security | Balance/Value of security | Interest rate | Paid as secured/unsecured |
|---|---|---|---|
| Wells Fargo Auto Finance/ 2006 Dodge Ram | $23,463.00/$12,475 | 8% | $23,463.00/$0.00 |

| | | | |
|---|---|---|---|
| GE Money Bank/ 2006 Suzuki Quad | $1,586.00/$2,100.00 | 8% | $1,586.00/$0.00 |

6. Priority Claims.

Arizona Department of Revenue - $1,144.78
IRS - $3,508.19

7. Unsecured Claims.

All other claims shall be classified as unsecured. Allowed, unsecured claims shall be paid the balance of payments under the plan, pro rata. Timely allowed claims will be paid in full. Any untimely claims will be paid nothing and will be discharged.

V. **EFFECTIVE DATE AND VESTING.**

The effective date of the plan shall be the date of the order confirming the plan. Property of the estate shall vest in the debtor upon confirmation. The debtor may use the property in any manner or may sell the property without further order of the Court upon trustee approval.

DATED this 2nd day of November, 2009.

ELLETT LAW OFFICES, P.C.

/s/Ronald J. Ellett
Ronald J. Ellett, Esq.
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018

DATED this 2nd day of November, 2009.

Floyd Wood

*ELLETT LAW OFFICES, P.C.*
*2999 North 44th Street, Suite 550*
*Phoenix, Arizona 85018*
*(602) 235-9510*

# PLAN ANALYSIS

Debtor: ____Floyd Wood_____ Case # __09-27344_____
Prior: Bankruptcy ( )     Chapter 13  Date:_____
Estimated Length of Plan _____60_____ months.

Trustee Use
§ 341 Meeting Date: _____
Continued: _____
Confirmed Date: _____

---

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS
  1. Unpaid attorney's fees..................................................$___3,350.00_____
  2. Taxes.................................................................$___4,652.97_____
  3. Other.................................................................$_____0.00_____
B. TOTAL OF PAYMENTS TO CURE DEFAULTS...........................$___1,344.00_____
C. TOTAL OF PAYMENTS ON SECURED CLAIMS.........................$__28,310.00_____
D. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS...$__10,943.03___ 10,998.03
E. SUB-TOTAL............................................................$ ~~48,600.00~~ 48,654.00
F. TOTAL TRUSTEE'S COMPENSATION (10% of Debtor's
   payments)...........................................................$___5,400.00  5,406.00
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES......................$ ~~54,000.00~~ 54,060

---

## RECONCILIATION WITH CHAPTER 7

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
  1. Value of Debtor's interest in nonexempt
     property..........................................................$_____0.00_____
  2. Plus: value of property recoverable under
     avoiding powers...................................................$_____0.00_____
  3. Less: estimated Chapter 7 administrative
     expenses..........................................................$_____0.00_____
  4. Less amount payable to priority creditors
     other than costs of administration................................$_____0.00_____
  5. Equals: estimated amount payable to general
     unsecured creditors if Chapter 7 filed
     (if negative, enter zero).........................................$_____0.00_____
I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED
   CREDITORS UNDER CHAPTER 7..........................................$_____0.00_____
J. ESTIMATED DIVIDEND UNDER PLAN......................................$ ~~10,943.03~~ 10,998.03

* IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND, THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.